UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

LaShell Renee Thomas,

    Debtor.
_____/

Case No.: 14-51029-wsd
Chapter 7
Hon. Walter Shapero

Christopher Yatooma

    Plaintiff,

v.

LaShell Renee Thomas,

    Defendant.
_____/

Adv. Pro. No. 14-04745

**OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this 11 U.S.C. § 523(a)(2)(A) nondischargeability action, Plaintiff filed a Motion for Summary Judgment (Dkt. 21) premised on (a) the collateral estoppel effect of a state court default judgment; (b) Defendant's failure to timely answer requests for admissions, arguably resulting in the admission of those facts; and (c) the argument that the substantive elements of § 523(a)(2)(A) are otherwise satisfied. For the following reasons, the Motion is denied.

Fed.R.Civ.P. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999) (internal citation omitted). "There is no genuine issue of material fact when 'the record

1

taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Williams v. Leatherwood*, 258 Fed. Appx. 817, 820 (6th Cir. 2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

Principles of collateral estoppel apply in § 523 nondischargeability actions and in this case would be governed by Michigan's law on collateral estoppel. *In re Livingston,* 372 F. App'x 613, 617 (6th Cir. 2010). Under Michigan law, collateral estoppel applies when:

> (1) there is identity of parties across the proceedings,
> (2) there was a valid, final judgment in the first proceeding,
> (3) the same issue was actually litigated and necessarily determined in the first proceeding, and
> (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Phillips v. Weissert* (*In re Phillips*), 434 B.R. 475, 485 (B.A.P. 6th 2010) (citing *Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002)). This Court and other courts have held that under Michigan law, collateral estoppel applies even to "true" default judgments (i.e. when the defendant does not participate in the action in any manner). *In re Kory*, No. 11-64454, 2013 WL 1340215, at *2 (Bankr. E.D. Mich. Mar. 28, 2013). The state court complaint included both fraud-related and non-fraud-related allegations. From the state court record provided by Plaintiff in this adversary proceeding, it is clear that the state court default judgment, at least on its face, is silent as to its legal basis. The entirety of the operative provision of that judgment states:

> IT IS HEREBY ORDERED that a Judgment against Defendants and in favor of Plaintiff is hereby entered in the amount of twenty eight thousand five hundred and twenty two ($28,522.00) dollars;

This situation is therefore governed by the holding in *In re Messer*, 500 B.R. 875, 882-883 (Bankr. E.D. Mich. 2013), where that court stated:

> Third, under Michigan law, the Default Judgment would not be construed as a

2

> judgment on all counts of the amended complaint for collateral estoppel purposes. The general rule in Michigan is that where, as here, a default judgment has been entered against a defendant on a multiple-count complaint; and the judgment does not explicitly state on which counts it is based and does not apportion damages among the independent accounts; and the basis for the judgment cannot be determined by reviewing the record; collateral estoppel does not apply, because no *one* count of the complaint was "necessarily determined." "To be necessarily determined in the first action, the issue must have been essential to the resulting judgment; a finding upon which the judgment did not depend cannot support collateral estoppel." *Board of County Road Comm'rs for County of Eaton v. Schultz,* 205 Mich.App. 371, 521 N.W.2d 847, 850 (1994) (citations omitted). Under Michigan law, "[c]ollateral estoppel applies only where the basis of the prior judgment **can be ascertained clearly, definitely, and unequivocally.**" *People v. Gates,* 434 Mich. 146, 452 N.W.2d 627, 631 (1990) (emphasis added, citations omitted). Without knowing the basis of the judgment, a court cannot make the determination that the judgment depended on a determination of the issue in question.
>
> \* \* \*
>
> Application of the collateral estoppel principles explained in Gates compels the conclusion that, unless the state court record unambiguously reveals that the Default Judgment was based on a finding of fraud, the Default Judgment cannot be construed as being on all counts of the amended complaint, or on the fraud count in particular, for collateral estoppel purposes. This is so because there were other counts of the amended complaint on which the Default Judgment could have been based, and the Default Judgment itself did not state explicitly that it was on all counts in the amended complaint.

(emphasis original). "The inability of a court to determine the basis for the prior judgment is, by itself, enough to preclude the defense of collateral estoppel." *In re Livingston*, 372 Fed. Appx. 613, 618 (6th Cir. 2010) (unpublished) (quoting *Restatement (Second) of Judgments* § 27 (1982)). Thus, Plaintiff is not entitled to summary judgment on his collateral estoppel theory.

As to Defendant's failure to timely answer requests for admission, such was addressed on the record at the April 2, 2015 hearing. The Court essentially then extended the deadline for Defendant to respond to discovery (Defendant having filed a Motion to Extend and a corresponding Certificate of Non-Response). The Court believes this to be appropriate under the circumstances, particularly given that (a) Defendant was *in pro per* but has since obtained appointed counsel and

3

has promptly defended the matter; and (b) Defendant has since answered the requests for admission. Therefore, the Court will not deem the subject requests for admission as being admitted.

Lastly, the Court finds that Plaintiff has not satisfied the substantive elements of his § 523(a)(2)(A) allegation. Defendant's response to Plaintiff's Motion for Summary Judgment and her supporting affidavit raise genuine issues of material fact as to the elements of § 523(a)(2)(A).

Thus, summary judgment is not appropriate in this situation and Plaintiff's Motion is denied. The Court will contemporaneously enter an appropriate order and will separately issue a new scheduling order.

.

**Signed on May 06, 2015**

                                      **/s/ Walter Shapero**
                                 **Walter Shapero**
                                 **United States Bankruptcy Judge**